MUNDELL, ODLUM & HAWS, LLP
KARL N. HAWS, #121638
MARSHALL L. BRUBACHER, #199100
JIM C. MOORE, #236680
650 East Hospitality Lane, Suite 470
San Bernardino, CA  92408-3595
Phone:  (909) 890-9500
Facsimile:  (909) 890-9580
E-Mail:  khaws@mohlaw.com
          mbrubacher@mohlaw.net
          jmoore@mohlaw.com

REGIONAL COUNSEL FOR TOLL BROS. INC.
TIMOTHY J. HOBAN, # 192461
725 Town & Country Road, Suite 500
Orange, California 92868
Phone: (714) 347-1300
Fasimile: (714) 835-9686
E-Mail:  thoban@tollbrothersinc.com

Attorneys for Defendant Toll Bros., Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSITY PARK, LLC, a California Limited Liability Company<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>TOLL BROTHERS, INC., a Pennsylvania Corporation<br>　　　　　　Defendant.<br><br>TOLL BROS. INC., a Pennsylvania Corporation<br>　　　　　　Cross-complainant,<br><br>　　　v.<br><br>UNIVERSITY PARK, LLC, a California Limited Liability Company; UNIVERSITY PARK INVESTORS, LLC,  a California Limited Liability Company; SOILS SOUTHWEST, INC., a California Corporation; JAMES R. EVANS, an individual; JAMES R. | CASE NO. EDCV08- 894 SGL (OPx)<br><br>**PROTECTIVE ORDER REGARDING DEFENDANT AND COUNTERCLAIMANT TOLL BROS., INC.'S CONFIDENTIAL INFORMATION AND DOCUMENTS**<br><br>**[DOES NOT RELATE TO A DISCOVERY DISPUTE]** |

1

| | |
|---|---|
| 1 | WATSON, an individual; WATSON & ) |
| 2 | ASSOCIATES DEVELOPMENT ) COMPANY, a business entity form ) |
| 3 | unknown; TRANSTECH ENGINEERS, ) INC., a California corporation; and ROES ) |
| 4 | 1-50 ) |
| 5 | Cross-defendants. ) |

Pursuant to the joint stipulation of the parties filed concurrently herewith and for good cause shown, the Court hereby orders as follows:

      1.      Toll may designate as "CONFIDENTIAL INFORMATION" (by stamping thereon "Confidential") its highly confidential financial information and its highly confidential business information (sometimes hereinafter collectively referred to as ("Confidential Information" or "CONFIDENTIAL INFORMATION") that it produces in this litigation, whether voluntarily, in response to any parties' requests for production to it or in response to a subpoena duces tecum including any of the following documents: (A) Toll's project profit summaries which contain detailed information reflecting Toll's cost to prepare lots for the homes it builds, the costs it incurs to build various models of homes, its anticipated sales price for its homes, its anticipated profit resulting from the sale of those homes, and its return on investment; (B) Toll's spreadsheets reflecting optional features offered by Toll for various models of homes it sells and the amount it marks up the price for those options; (C) Toll's spreadsheets reflecting the amounts that subcontractors bid to complete work for Toll in connection with its construction of homes, including bid amounts for flooring, roofing and plumbing subcontractors; (D) Toll's specifications for homes it builds, including specifications relating to the foundations for its homes, wall sheathing, roof sheathing, insulations and floor joists; (E) Toll's detailed budgets reflecting the amount Toll expects to pay to construct the homes that it builds, including amounts budgeted for grading, excavation, roofing material, roofing installation and various

other materials and labor necessary to construct its homes; and (F) Toll's detailed billing worksheets reflecting the amounts billed it for the materials provided to it and services performed for it.

    2.    Unless and until this Court rules otherwise or Toll otherwise agrees, access to or disclosure of such CONFIDENTIAL INFORMATION shall be limited to:

    a.    The Court and those employed by the Court, in which event such information shall be filed under seal pursuant to the procedures set forth in Local Rule 79-5.1, et seq. (and kept under seal until further order of the Court);

    b.    The attorneys of Friedman Stroffe & Gerard, P.C., Murphy, Pearson, Bradley & Feeney, Morris Polich & Purdy LLP, Law Office of Hugo W. Anderson, Jr., APC, any attorneys appointed by insurance companies to defend existing parties to this action and the employees and office support staff of such attorneys;

    c.    The parties to this action and the officers, directors and employees of such parties.

    d.    Independent experts or consultants for any of the parties to this action or under serious consideration for such employment (together with their stenographic and clerical personnel) whose advice and consultation are being or will be used by the above-described parties in connection with this litigation provided that such consultant first signs an undertaking to be bound by the provisions of this protective order in the form attached hereto as Exhibit A.

    e.    Court reporters employed in connection with this litigation; and

    f.    Deponents and their attorneys, during the course of a deposition, provided that the deponent is an employee or agent of Toll, or that the deponent is an author, direct recipient or copy recipient of such material or that the

deponent already knows the particular CONFIDENTIAL INFORMATION including independent experts and consultants who have received the CONFIDENTIAL INFORMATION pursuant to subdivision (d) above.  The portions of depositions at which CONFIDENTIAL INFORMATION is disclosed or discussed shall be transcribed separately and sealed.

      3.     If counsel for any party receiving CONFIDENTIAL INFORMATION desires to disclose CONFIDENTIAL INFORMATION to anyone other than the persons listed above said counsel shall first obtain from each such person a signed undertaking to be bound by this stipulated protective order, in the form attached hereto as Exhibit A, and shall serve a copy of the signed undertaking on Toll's counsel at least seven (7) days before making any such disclosure.  If Toll's counsel serves a written objection to such disclosure within said seven-day period, there shall be no disclosure to such person except by further order of the Court pursuant to resolution of a motion brought by Toll.  If Toll's counsel serves a written objection to such disclosure within said seven-day period, the written objection shall include a detailed explanation of the basis for Toll's objection.  In the event that Toll wishes to file a motion to prevent the disclosure of its CONFIDENTIAL INFORMATION, the parties shall promptly meet and confer with each other prior to the filing of such a motion in an effort to avoid the need for such a motion, and, in the event that they are unable to resolve their differences, Toll shall file the motion to prevent the disclosure of its CONFIDENTIAL INFORMATION within five days of the parties completing the "meet and confer" session on the motion.

      4.     The acceptance by any party of the materials designated CONFIDENTIAL INFORMATION pursuant to this stipulation and order shall not constitute an admission or concession that, or permit an inference that, the CONFIDENTIAL INFORMATION is, in fact, confidential.  This Protective Order

shall not foreclose the party receiving CONFIDENTIAL INFORMATION from moving for an Order that any documents stamped CONFIDENTIAL are not, in fact, confidential.

     5.    CONFIDENTIAL INFORMATION produced hereunder may be used by the party receiving it or any other permitted recipient only for purposes of this litigation.  The restrictions on use of CONFIDENTIAL INFORMATION set forth in this Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Protective Order.

     6.    After final termination of this action, counsel for Counterdefendants shall return all copies of CONFIDENTIAL INFORMATION provided hereunder to counsel for Toll or shall destroy such CONFIDENTIAL INFORMATION and certify the destruction to counsel for Toll.

     7.    The restrictions and obligations set forth herein relating to CONFIDENTIAL INFORMATION shall not apply to any information which the parties agree, or the Court rules, (a) was or becomes public knowledge other than as a result of disclosure by Counterdefendants or (b) has come or shall come into Counterdefendants' legitimate possession independently, but not wrongfully.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL INFORMATION if the parties agree or the Court rules that said person already had or obtained possession thereof legitimately.

     8.    Nothing contained herein shall be interpreted to modify or amend the

obligations of the parties set forth in the confidentiality agreement contained within the Joint Report filed November 24, 2008 except to the extent its terms are expressly contradictory or inconsistent with this Order.

Dated:   July 07, 2009

United States District Judge

EXHIBIT A

I, _____ declare:

1.  My address is _____. My present occupation is _____.

2.  I have received a copy of the stipulated protective order in *University Park, LLC v. Toll Brothers, Inc. [and related counter-action]*, United States District Court Case No. EDCV08- 894 SGL (OPx).  I have carefully read and understand the provisions of that stipulated protective order.

3.  I will comply with all of the provisions of the stipulated protective order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the stipulated protective order, and will not copy or use except for purposes of the above-described lawsuit, any information designated CONFIDENTIAL INFORMATION which I receive in this lawsuit, except to the extent that such CONFIDENTIAL INFORMATION is or becomes public information in accordance with the stipulated protective order.

4.  At the conclusion of the above-described lawsuit, I will return to counsel for the party producing the CONFIDENTIAL INFORMATION all CONFIDENTIAL INFORMATION which I received in this lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this document is executed this _____ day of _____, 200___, at _____.

_____
(SIGN AND PRINT NAME)