**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNIVERSITY PARK, LLC, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOLL BROTHERS, INC., a Pennsylvania Corporation,<br><br>　　　　　Defendant. | CASE NO. EDCV 08-00894 WHS(OPx)<br><br>**ORDER REMANDING CASE TO STATE COURT** |
| TOLL BROS. INC., a Pennsylvania Corporation<br><br>　　　　　Cross-complainant,<br><br>　　v.<br><br>UNIVERSITY PARK, LLC, a California Limited Liability Company, et. al.,<br><br>　　　　　Cross-defendants. | |
| UNIVERSITY PARK, LLC, a California Limited Liability Company, et. al,<br><br>　　　　　Cross-claimants,<br><br>　　v.<br><br>SOILS SOUTHWEST, INC., a California corporation, et. al.,<br><br>　　　　　Cross-defendants. | |
| TRANSTECH ENGINEERS, INC., a California Corporation,<br><br>　　　　　Cross-complainant,<br><br>　　v.<br><br>UNIVERSITY PARK, LLC, a California LLC, et. al.,<br><br>　　　　　Cross-defendants. | |

UniversityPark.DOC

-1-

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | SOILS SOUTHWEST, INC., a California corporation, et. al., |
| 4 | |
| 5 | Cross-complainants, |
| 6 | v. |
| 7 | UNIVERSITY PARK, LLC, a California LLC, et. al., |
| 8 | Cross-defendants. |
| 9 | MESA CONTRACTING CORP., a California Corporation, |
| 10 | |
| 11 | Cross-claimant, |
| 12 | v. |
| 13 | TRANSTECH ENGINEERS, INC., a California Corporation, et. al., |
| 14 | Cross-defendants. |
| 15 | MCKENNA GENERAL ENGINEERING, INC., |
| 16 | |
| 17 | Cross-claimant, |
| 18 | v. |
| 19 | SOILS SOUTHWEST, INC., a California Corporation, et. al., |
| 20 | Cross-defendants. |

GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED:

**A.** This case shall be remanded to State court (San Bernardino County Superior Court) pursuant to 28 USC § 1367 (c) and/or USC § 1447(e) forthwith.

**B.** The current stipulation between the parties regarding depositions shall remain intact after remand (depositions of witnesses will be initially limited to two consecutive days; if any party feels additional time is necessary, a request will be made of the defending party; if that is declined, the requesting party is free to seek a court order for additional time).

**C.** The parties will request that the State court set the trial date for July 19, 2010, or as soon thereafter as is convenient for the court.

**D.** Discovery will continue pending remand and final transfer of the case file to State court. Discovery will proceed in accordance with State court rules. All discovery that has occurred to date, or that is currently pending pursuant to the Federal Rules of Civil Procedure, shall remain valid and shall not require any amendment to conform to State procedural rules following entry of the remand order. The parties agree that Judge Kennedy of JAMS shall act as an interim discovery referee to resolve any discovery disputes prior to the time that this case is assigned to a State court judge; if Judge Kennedy is not available, the parties will select an alternate referee. All referee fees will be borne by the losing party.

**E.** Expert designation will be in accordance with Code of Civil Procedure 2034, however, the parties will deliver an electronic copy of all expert files (and any reports) on CD or DVD to all counsel. The delivery shall occur ten (10) days prior to the expert's deposition.

**F.** The parties shall mediate the case before Judge Sundvold of JAMS during the week of March 15, 2010 or, if Judge Sundvold is not then available, as soon thereafter as is convenient for the mediator. Insurance adjustors shall be required to attend the mediation. Expert attendance is encouraged, but not required.

**G.** Service of any document may be made by e-mail, which shall

1  constitute personal service on the date of transmittal if made under the following
2  conditions:

3        **i.**    Transmission must be made by 5:00 p.m. Pacific time.
4        **ii.**    Documents will be as attachments and in PDF format.
5        **iii.**    PDF files will be limited to 20mb in size.
6        **iv.**    Exhibits will be designated as separate documents.
7        **v.**    A party serving by e-mail shall not be required to serve paper
8        copies of documents.
9        **vi.**    Parties may sign the documents with a signature block with the
10        name of the signatory accompanied by "/s/".
11        **vii.**    Each party shall serve a Notice of E-Mail Service Recipients
12        identifying the persons to whom e-mail service shall be made.
13        Any party, at any time, may serve an Amended Notice of E-
14        Mail Service Recipients as necessary. The parties shall be
15        obligated to serve via e-mail every person designated in any
16        such notice.
17        **viii.**    After service by e-mail, the serving party shall send another
18        email party to all counsel served, stating that service of a
19        document was effectuated. In the event that any counsel
20        served claims that the e-mail service copy was not received,
21        the serving party shall either fax the served document within
22        24 hours or deliver it by overnight delivery to the counsel who
23        claims not to have received the e-mail service.
24
25
26
27
28

1  **H.** The notice time period for personal service of a motion pursuant to
2  Code of Civil Procedure section 437c - summary judgment or adjudication - shall be
3  shortened to 28 days.
4  **I.** DONE AND ORDERED on this 3rd day of February 2010.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF FLORIDA
(SITTING BY DESIGNATION)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UniversityPark.DOC

-i-